UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MORENA GUADALUPE
MENENDEZ-SALAZAR,

     Petitioner,

v.

MARKWAYNE MULLIN, et al.,

     Respondents.

No. 1:26-CV-144-H

## **ORDER**

The petitioner, Morena Guadalupe Menendez-Salazar, filed a habeas petition last week challenging her detention pursuant to 8 U.S.C. § 1225(b)(2)(A).  Dkt. No. 1.[1]  Today, the respondents filed their notice of intent to remove Menendez-Salazar.  Dkt. No. 7.  The notice states that Menendez-Salazar is now subject to a final order of removal.  *Id.* at 1.  She is thus subject to detention during the 90-day "removal period."  8 U.S.C. § 1231(a)(1)(A).  And "[d]uring the removal period, detention is mandatory."  *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(2)).

Because Menendez-Salazar's detention is indisputably mandatory for the duration of the removal period, and because she does not contest her removability, the Court dismisses her petition (Dkt. No. 1) as moot.

---

[1] The Fifth Circuit recently upheld mandatory detention via Section 1225, holding that aliens like Menendez-Salazar who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA.  *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

So ordered on April 10, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE